UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARIA EVELIA GOMEZ ESCOBAR,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | No. CV 13-00994-VBK<br><br>MEMORANDUM OPINION AND ORDER<br><br>(Social Security Case) |

　　This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

　　Plaintiff raises the following issues:

　　1.　Whether the Administrative Law Judge's ("ALJ") residual

functional capacity ("RFC") assessment is supported by substantial evidence; and

2. Whether the ALJ's credibility determination is supported by substantial evidence.

(JS at 4.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ'S RESIDUAL FUNCTIONAL CAPACITY ASSESSMENT**

**IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

In the ALJ's unfavorable Decision, he determined that Plaintiff has the RFC to perform medium work, with certain exertional restrictions. (AR 29-30.) Plaintiff's claim is that the ALJ improperly gave weight to the report and conclusion of the consultative orthopedic examiner, Dr. Chung. (AR 28, 309-317.) Plaintiff contends that Dr. Chung's opinion did not constitute substantial evidence because he failed to review medical records, in contravention of the requirements set out in 20 C.F.R. §§ 404.1517, 416.917, that the Commissioner will give a consultative examiner "any necessary background information about your condition." In support of this proposition, Plaintiff cites the District Court Opinion in LaDue v. Chater, 1996 WL 83880, *5 (N.D. Cal. 1996).

Dr. Chung's report of his complete orthopedic evaluation, performed on December 29, 2010, contains a section entitled "History of Present Illness." (AR 310.) After noting that Plaintiff provided

2

information and was considered by Dr. Chung to be a good historian, he reviewed the history of the onset of her orthopedic impairment, and the treatment that she had received up to the time of his examination. (Id.)

Initially, the Court cannot agree with Plaintiff's assertion that Dr. Chung's report and conclusions do not even constitute substantial evidence worthy of consideration because he did not review medical records. The CFR section cited by Plaintiff only requires that the examiner receive "necessary background information about your condition." Background information is not equivalent to medical records. Neither does the Court find the citation to the LaDue case to be persuasive. Plaintiff is essentially proffering a legal proposition that if a consultative examiner ("CE") fails to review medical records (all medical records?) before performing any examination, that doctor's report cannot be considered substantial evidence. Further, Plaintiff fails to point out what medical records Dr. Chung should have reviewed, and in what manner Plaintiff believes such a review would have affected Dr. Chung's opinion.

Moving to the ALJ's evaluation of the medical evidence, he did review, among other opinions, that of Dr. Angerman, an Agreed Medical Examiner ("AME"), who examined Plaintiff as part of her Workers Compensation case. (AR 26, 426, 447.) Dr. Angerman precluded Plaintiff from "very forceful" pushing and pulling activities and prolonged use of her upper extremities at or above the shoulder level. (AR 444-445.) Plaintiff correctly notes that these restrictions were not incorporated into the ALJ's RFC determination. Dr. Angerman's report provides little evidence which would support significant arm or shoulder dysfunction. (AR 44-445.) Plaintiff had good rotator cuff

3

strength and clinically negative impingement tests bilaterally. (AR 445.) She had full range of motion in her wrist and clinically negative signs of carpal tunnel syndrome. (AR 445.) Moreover, at the time of her examination by Dr. Angerman, Plaintiff was currently employed as a housekeeper. Finally, as the Commissioner notes, Dr. Angerman's report predates Plaintiff's alleged onset date of disability. Plaintiff does not rebut the Commissioner's contention that medical opinions rendered before an alleged onset date of disability have little probative value. (See citations at JS 9.)

When examined by Dr. Chung in December 2010, Plaintiff had ambulation with normal gait, a normal range of motion in her neck, shoulders and wrists, and showed no neurological deficits. (AR 310-313.) Thus, Dr. Chung opined that Plaintiff could perform a full range of medium exertional work. Dr. Chung's report was based on his own independent clinical examination and thus constituted substantial evidence. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

The Commissioner also notes that five months after Dr. Angerman's examination, treating physician Dr. Smith reported that Plaintiff had no objective or subjective factors of residual disability. (AR 247.) He concluded that Plaintiff was "able to perform regular work duties, fully and customarily without difficulty." (AR 245.) Indeed, Plaintiff continued to work as a housekeeper until September 2009. (AR 207.) While Plaintiff's counsel argues that she stopped working due to the rigors of her job, this appears to be a conclusion that finds no support anywhere in the record.

For the reasons discussed, the Court therefore determines that the ALJ's RFC assessment is supported by substantial evidence.

4

II

**THE ALJ'S CREDIBILITY DETERMINATION**

**IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

The ALJ depreciated Plaintiff's credibility as to her subjective reporting of symptoms to the extent it is inconsistent with the determined RFC. (AR 31.) Plaintiff alleges that the ALJ failed to cite sufficient or adequate reasons based on prevailing legal requirements that in the absence of malingering, the ALJ must articulate clear and convincing reasons to depreciate a claimant's credibility. See Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996.)

Plaintiff asserts that the ALJ largely discredited Plaintiff based upon the discrepancy between her subjective reporting and the lack of objective medical evidence. (JS at 13, citing AR 31-32.)

The ALJ did not depreciate Plaintiff's credibility solely on the basis of the discrepancy between subjective testimony and objective medical evidence. To do so would have been error requiring remand. In the ALJ's Decision, he devotes substantial attention to the credibility issue, citing a number of different and discrete reasons. The discrepancy between medical evidence and subjective testimony is one of those reasons. The Court has already discussed this medical evidence, including the opinions of Drs. Chung and Smith, in the course of its discussion of the first issue.

The ALJ also noted that Plaintiff has received no more than conservative treatment for what she alleges are disabling impairments. (AR 32.) This is a credibility factor which is subject to consideration by the ALJ. See Parra v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007). Indeed, in the ALJ's Decision, he also notes that

5

1  Plaintiff received fairly sporadic medical care for what she asserts
2  are somewhat severe symptoms. (See AR at 26-27.)  The ALJ also noted
3  that her treating physician, Dr. Smith, recommended physical therapy,
4  but there is no indication that Plaintiff timely followed up on these
5  recommendations. (AR 26.)  It was not until 2010 that Plaintiff
6  received some physical therapy. (AR 27.)

7       As part of the credibility determination, the ALJ noted that
8  although Plaintiff asserted her impairments began as early as 2001,
9  she continued to work as a housekeeper until September 2009. (AR 207,
10 340-341, 443.)  Plaintiff's ability to continue to pursue full-time
11 employment within her RFC limitations is a valid factor depreciating
12 the credibility of her subjective complaints.

13      Finally, the ALJ correctly and validly considered Plaintiff's
14 activities of daily living in discounting her credibility. (AR 32-33.)
15 The variety of activities which she performs, which include washing
16 dishes, dusting, vacuuming, and taking her children to school (AR 33,
17 50) are transferrable to the workplace, and in this case, Plaintiff's
18 past relevant work as a housekeeper obviously would incorporate just
19 those types of activities.

20      Thus, the Court finds that there are at least four discrete and
21 valid reasons cited in the ALJ's Decision to depreciate Plaintiff's
22 credibility, and for that reason, the Court declines to order relief
23 as to this issue.
24 //
25 //
26 //
27 //
28 //

6

1  The decision of the ALJ will be affirmed.  The Complaint will be
2  dismissed with prejudice.
3  **IT IS SO ORDERED.**

5  DATED: January 14, 2014                    /s/
                                         VICTOR B. KENTON
6                                        UNITED STATES MAGISTRATE JUDGE